IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

UNITED STATES OF AMERICA

v.                                                    CRIMINAL NO. 3:19-cr-126-CWR-LRA

JAMARHI RAHEEM LUCAS

### AGREED PRELIMINARY ORDER OF FORFEITURE

Pursuant to a separate Plea Agreement and Plea Supplement between the defendant,
**JAMARHI RAHEEM LUCAS,** by and with the consent of his attorney, and the **UNITED
STATES OF AMERICA** (hereinafter "Government"), defendant agrees that the following
findings are correct, and further agrees with the adjudications made herein.  Accordingly, the
Court finds as follows:

1.      The Defendant is fully aware of the consequences of having agreed to forfeit to the
        Government his interests in and to the hereinafter described property, having been apprised
        of such by his attorney and by this Court; and he has freely and voluntarily, with knowledge
        of the consequences, entered into a Plea Agreement and Plea Supplement with the
        Government to forfeit such property.

2.      The Defendant agrees, the

        **1.      One (1) M-16 type select-fire machine gun assembled on a modified
                 Spikes Tactical model ST 15 receiver, SN: SBR85318; and**
        **2.      Any ammunition seized.**

constitutes or was derived from proceeds that the defendant obtained, directly or indirectly,
as a result of the offense charged in the Indictment and/or was used, or intended to be used,
in any manner or part, to commit, or to facilitate the commission of the offense charged in
the Indictment.   Such property is, therefore, subject to forfeiture pursuant to 18 U.S.C. §
924(d)(1) and 28 U.S.C. § 2461(c).

3.  The Defendant has been apprised that Rule 32.2 of the Federal Rules of Criminal Procedure, and 18 U.S.C. § 982 require the Court to order the forfeiture of the

    **1.**    **One (1) M-16 type select-fire machine gun assembled on a modified Spikes Tactical model ST 15 receiver, SN: SBR85318; and**

    **2.**    **Any ammunition seized**

at, and as a part of, the sentencing proceeding.  The Defendant does hereby waive such requirement and the requirement that the forfeiture be made a part of the sentence as ordered by the Court in the document entitled, "Judgment in a Criminal Case."  The Defendant and his attorney further agree that the Court should enter this Order immediately, and agree that the forfeiture ordered hereunder will be a part of the sentence of the Court regardless whether ordered at that proceeding and/or whether attached as a part of the said "Judgment in a Criminal Case."

IT IS, THEREFORE, ORDERED AND ADJUDGED AS FOLLOWS:

a.  That the Defendant shall forfeit to the United States,

    **1.**    **One (1) M-16 type select-fire machine gun assembled on a modified Spikes Tactical model ST 15 receiver, SN: SBR85318; and**

    **2.**    **Any ammunition seized.**

b.  The Court has determined, based on the Defendant's Plea Agreement and Plea Supplement, that the following property is subject to forfeiture pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), that the Defendant had an interest in such property and that the Government has established the requisite nexus between such property and such offenses.

c.  The United States may conduct any discovery it considers necessary to identify, locate, or dispose of the property subject to forfeiture or substitute assets for such property.

d.     The United States shall publish notice of the order and its intent to dispose of the property in such a manner as the United States Attorney General may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the subject property. Fed. R. Crim. P. 32.2(b)(6).

e.     Any person, other than the above named Defendant, asserting a legal interest in the subject property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the subject property, and for an amendment of the Order of Forfeiture, pursuant to 21 U.S.C. § 853(n).

f.     Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A), this Preliminary Order of Forfeiture shall become final as to the Defendant upon entry of this preliminary order and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

g.     Any petition filed by a third party asserting an interest in the subject property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the subject property, any additional facts supporting the petitioner's claim, and the relief sought.

h.     After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with

3

the Federal Rules of Civil Procedure upon a showing that such discovery is

necessary or desirable to resolve factual issues.   Fed. R. Crim. P. 32.2(c)(1)(B).

i.      The United States shall have clear title to the subject property following the Court's

disposition of all third-party interests, or, if none, following the expiration of the

period provided in 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary,

pursuant to Fed. R. Crim. P. 32.2(e).

SO ORDERED AND ADJUDGED this 5th day of March ,

2020.

UNITED STATES DISTRICT JUDGE

AGREED:

HERBERT S. CARRAWAY
Assistant United States Attorney

JAMARHI RAHEEM LUCAS
Defendant

TOM RICH
Attorney for Defendant

4